**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2446
_____

AI HUA LI; BAIZHONG GONG; YUCHAO GONG,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A089-224-752, A089-224-753 & A089-224-754)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2013
Before:  SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Opinion file: January 10, 2013)
_____

OPINION
_____

PER CURIAM

Petitioners seek review of their orders of removal.  We will deny their petition.

I.

Petitioners are citizens of China who concede removability.  The lead petitioner is

Ai Hua Li, and the other two (her husband and son) seek relief derivatively through her. Thus, we refer primarily to Li. Through counsel, Li applied for asylum and other relief on the ground that Chinese officials forced her to have five abortions. She listed the dates of those abortions as: (1) February 1987; (2) May 24, 1991; (3) October 13, 1998; (4) August 20, 2003; and (5) February 18, 2005. (A.R. 399-400.) She submitted supporting documents, including two certificates stating that she had abortions on two other dates— August 23, 2000, and March 14, 2005. (A.R. 334, 386.) An Asylum Officer found Li not credible and referred her application to an Immigration Judge ("IJ").

Li then retained new counsel and submitted an amended statement again claiming to have had forced abortions on the five dates originally specified. (A.R. 208-09.) She also submitted three more abortion certificates. Two of them matched the 1998 and 2003 dates in her statements. (A.R. 269, 272.) The third, however, contained still a different date—March 2, 1997. (A.R. 323.) (Li asserts that her former counsel submitted this certificate, but it appears in the record only under cover of her current counsel's submission of September 10, 2009.)

Li's testimony on direct examination was consistent with her written statements. When the Government confronted her with the discrepant certificates on cross-examination, she admitted that she had received them from a friend in China and given them to her former counsel but (after some equivocation) claimed that the dates were wrong and that her former counsel had mistakenly submitted them. Her current counsel requested that the IJ strike the discrepant certificates from the record, but the IJ declined

to do so and instead explained that he would consider their weight. The IJ ultimately found Li not credible because: (1) the certificate for March 2, 1997, conflicted with her testimony that she was wearing an IUD at that time and did not become pregnant again until 1998; (2) the certificate purporting to document an abortion on August 23, 2000, did not match any of the dates to which she testified; and (3) her submission of the certificate for March 14, 2005, conflicted with her testimony that she did not have any certificate for 2005. Thus, the IJ concluded that Li had not shown that her abortions were involuntary or that she had them in the first place.

The Board of Immigration Appeals ("BIA") dismissed petitioners' appeal after finding no basis to disturb the adverse credibility determination. In doing so, the BIA both summarized the reasons given above and added two of its own—that the Asylum Officer too found Li not credible and that other courts have recognized that the issuance of abortion certificates may actually undermine a claim that an abortion was involuntary. The BIA also concluded that the IJ had not erred in admitting the discrepant certificates into evidence. Petitioners petition for review.[1]

II.

We read Li's brief to raise three arguments. Each lacks merit. First, Li argues that

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the decision of the BIA but may look to the IJ's decision to the extent that the BIA deferred to it. See Chen v. Att'y Gen., 676 F.3d 112, 114 (3d Cir. 2011). We review credibility determinations for substantial evidence and will not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review constitutional claims de

the IJ denied her due process in admitting the certificates into evidence. We disagree. "Because the Federal Rules of Evidence do not apply in asylum proceedings, the test for admissibility of evidence is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law." Ezeagwuna, 325 F.3d at 405 (quotation marks and alteration omitted). The abortion certificates were clearly probative given the nature of Li's claim, and their admission did not violate due process. Li herself obtained and submitted the certificates, the IJ gave her an adequate opportunity to explain them, and the IJ and BIA considered her explanation. In addition, the IJ listed the exhibits at the beginning of the hearing and referred specifically by date to two of the discrepant certificates (A.R. 106-07), but Li did not object to them until the Government raised them on cross-examination. Li has cited no authority requiring the exclusion of the certificates under these circumstances, and we are aware of none.

Second, Li argues that her explanation should have led the IJ and BIA to give the certificates "minimal to no weight." Li's explanation is that she obtained the certificates from a friend in China and provided them to her former counsel, who then mistakenly submitted them without checking the dates. The BIA deemed this explanation implausible, and we cannot say that the BIA was required to accept it. Li has raised no claim of ineffective assistance of counsel, and her assertion that former counsel mistakenly submitted the discrepant certificates does not explain the existence of the discrepancies themselves. Li speculates on review that Chinese authorities "most likely"

---

novo. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003).

are responsible for the discrepancies given the passage of time, but she did not make that argument to the IJ or BIA and cites no evidence supporting it in any event.

Finally, Li argues that the Agency erred in basing its credibility determination "solely" on the discrepant certificates in the absence of an express finding that she knew them to be fraudulent. Li relies on Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911 (9th Cir. 2004), and Corovic v. Mukasey, 519 F.3d 90, 97-98 (2d Cir. 2008). Unlike in those cases, however, the BIA here did not rely solely on the documents in question and instead relied on the other reasons identified above. Li has not acknowledged or raised any challenge to those other reasons, so we have no occasion to address them.

In addition, Yeimane-Berhe and Corovic involved adverse credibility findings that were based solely on an alien's submission of a fraudulent document without any finding that the alien actually knew about the fraud. The courts held that only with such a finding could the fraudulent nature of the documents undermine the alien's credibility (at least, in Corovic, when an alien expressly denies knowledge of the fraud). This case presents a different situation because the adverse credibility finding was based, not on any determination that the discrepant certificates were fraudulent, but on the fact that they conflicted with Li's testimony. These decisions thus do not call the Agency's credibility finding into question, and Li has cited no authority or evidence that does.

For these reasons, we will deny the petition for review.

5